284

## BRISTOL & MARTIN, Inc. v. UNITED STATES.

### No. 48523.

United States Court of Claims.

Decided April 13, 1953.

———◆———

Victor D. Werner, New York City, for plaintiff.

Thomas O. Fleming, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for defendant.

JONES, Chief Judge, delivered the opinion of the court.

The defendant is correct in stating that it is entitled to introduce evidence on its counterclaim should it desire to do so. However, to insist upon that right in the circumstances of this case seems "as idle as a painted ship upon a painted ocean."

The defendant has prevailed in its motion to dismiss plaintiff's petition.

The counterclaim stemmed from an unpaid balance of $114,333.58 on a loan which the Reconstruction Finance Corporation had made to plaintiff and which was secured by a mortgage. Foreclosure proceedings had not been completed when the evidence was closed in the instant case.

Naturally the defendant in the instant case pleaded this obligation as a counterclaim.

After the hearings were closed the defendant attached to its brief a copy of a letter from the Reconstruction Finance Corporation stating that foreclosure proceedings had been completed, the property sold and that there was an unpaid balance of $110.02, which the property sold failed to satisfy, but that "Inasmuch as the debtor is hopelessly insolvent a deficiency judgment was not obtained."

The letter is not in evidence. We do not doubt its authenticity. The de-

fendant is entitled to introduce it or any other competent evidence on its counterclaim. However, the Reconstruction Finance Corporation thought it not worth while to take a deficiency judgment even in a pending proceeding.

In the circumstances the time and expense to court and litigants involved in an additional hearing seem all out of proportion to any possible advantage in securing what the Reconstruction Finance Corporation manifestly considered a worthless judgment.

While conceding the technical legal right we shall not engage in a useless procedure.

 If within fifteen days a stipulation is filed showing the amount of the unpaid balance, or if the defendant's counsel will allege that it has reasonable hope of collecting such unpaid balance, in either event the action dismissing the counterclaim will be set aside and judgment entered for the unpaid balance. Otherwise the motion for a rehearing will be overruled.

HOWELL, MADDEN, WHITAKER and LITTLETON, JJ., concur.